UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| RICARDO MONTOYA-OLACHIA, | ) | |
| Institutional ID No. 88364-279, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 5:13-CV-263-BG |
| H. BRYAN, Associate Warden, | ) | ECF |
| Dalby Facility, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Ricardo Montoya-Olachia, an inmate incarcerated at the Giles W. Dalby Correctional Facility, filed this civil rights action on November 13, 2013, alleging deficiencies in the medical treatment he has received at the facility.  On May 8, 2014, the district court transferred Plaintiff's case to the undersigned magistrate judge for the purposes of conducting the preliminary screening required under 28 U.S.C. § 1915.  On June 17, 2014, Plaintiff notified the court that he "would like to remove the civil cause of action" or "dismiss the complaint."

Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure permits a plaintiff to nonsuit his claims before the opposing party serves either an answer or a motion for summary judgment.  The defendants have not made an appearance in this case.  The undersigned therefore recommends that the district court consider this action to be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(B).

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy.  *See* 28 U.S.C.

§ 636(b)(1) (2014); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: June 19, 2014.

NANCY M. KOENIG
United States Magistrate Judge